1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   THOMAS EARL PUTNEY,                    )   Case No.: 1:13-cv-00771-JLT
                                            )
12               Petitioner,                )   ORDER REQUIRING PETITIONER TO SUBMIT
                                            )   AN AMENDED PETITION
13         v.                               )
                                            )   THIRTY DAY DEADLINE
14   THE PEOPLE OF THE STATE OF             )
     CALIFORNIA,                            )
15                                          )   ORDER DIRECTING CLERK OF THE COURT TO
                                            )   SEND PETITIONER A FORM FOR FILING
16               Respondent.                )   HABEAS CORPUS PETITION PURSUANT TO 28
                                            )   U.S.C. § 2254
17   _____)

18         Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on May 23, 2013,

20   challenging a January 21, 2011 conviction in the Fresno County Superior Court for possession of a

21   dirk or dagger, resulting in a sentence of 25-years-to-life.  (Doc. 1).

22                           **PROCEDURAL HISTORY**

23         A.   Procedural Grounds for Summary Dismissal.

24         Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25         If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
           to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
26         the petitioner.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

                                            1

or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    B. Insufficient Information And Failure To State A Cognizable Habeas Claim.

    A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

    Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

    Here, the petition contains no claims whatever.  Instead, where the form petition provides space for Petitioner to list his claims, Petitioner has indicated: "I have no way to do this.  Please see enclosed letter and supporting legal papers." (Doc. 1, p. 6).  However, there are no supporting legal papers or letter filed with the Court.  Accordingly, the petition contains no claims and, therefore, the Court is unable to conduct a preliminary review of the petition.  Petitioner will be permitted to file an amended petition containing cognizable federal habeas claims.

    C. Failure to Name A Proper Respondent.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The chief

2

officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Here, Petitioner has named as Respondent the "People of the State of California."  However, the People of the State of California is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently confined at the California Medical Facility, Vacaville, California.  The current director or warden of that facility is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, i.e., the warden of his facility.**  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner **must** name a proper respondent.

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case and naming the proper respondent to confer jurisdiction over the parties.

Accordingly, it is HEREBY ORDERED that:

1.  The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

///

///

3

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 28, 2013**                           **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

4