UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EARL PUTNEY, <br><br> Petitioner, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | Case No.: 1:13-cv-00771 JLT (HC) <br><br> ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL <br><br> (Doc. 5) <br><br> ORDER GRANTING PETITIONER 60 DAYS TO FILE HIS AMENDED PETITION |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 20, 2013, Petitioner filed a motion requesting appointment of counsel. (Doc. 5) Petitioner reports he is severely mentally ill and is unable to understand what he is needed to do and has been able to file the documents he has through the assistance of another inmate. Id. at 1-3. Attached to the motion is a declaration completed by psychologist Robert L. Halon, executed on July 21, 2011[1], in connection with Petitioner's state-court appeal. Id. at 6-8.

Dr. Halon reported Petitioner had suffered from mental illness to varying degrees since, at least, age 12 when he first attempted suicide. (Doc. 5 at 7) Dr. Halon reported that in the previous

---

[1] Dr. Halon has been asked by Plaintiff's counsel, appointed during his state-court appeal, to evaluate whether Plaintiff was competent to enter a plea at the trial level.

1

1  "18+" years," Petitioner had been incarcerated or involuntarily hospitalized for the bulk of this period
2  and had been diagnosed during this time with "various psychotic disorders . . . with motivational states
3  that are highly controlled by the influences of his psychotic and emotional disorders." Id.  Dr. Halon
4  reported also that Petitioner had been "consistently diagnosed with some form of affective disorder
5  involving both depressed and manic episode, which were sometime accompanied by psychotic
6  expressions . . ." Id.  Throughout his mental illness Petitioner's conduct is characterized by Dr. Halon
7  as having "psychotic expressions, and as being quick to take exception to staff and other authority
8  figures; he mouths off, uses vulgarity, etc., and he is repeatedly and consistently described as very
9  impulsive when dealing with others. He is often described as probably manic or, at least, hypomanic,
10 pacing the floors, speaking rapidly for long periods of time and sometimes going sleepless; quick to
11 take umbrage at something staff says to him." Id. Dr. Halon reports that Petitioner's mental illness
12 "wax[es] and wan[es] – but [is] never entirely absent – [and during which he demonstrates] chronic
13 depression/manic episodes, impulsivity and decision-making that appears anything but rationally
14 thought out, and poor cognitive, perceptual, and emotional functioning that are ever-present to some
15 degree." Id. at 7-8.

16      Also attached to the motion is a declaration of Robert Navarro, Petitioner's appellate counsel
17 in the state court, in which Mr. Navarro reports Petitioner pleaded guilty to possession of a dirk or
18 dagger while detained at Coalinga State Hospital as a Sexually Violent Predator.  (Doc. 5 at 11)  In
19 doing so, Petitioner also admitted the allegations related to his three prior strikes.  Id. Navarro reports
20 that Petitioner pleaded guilty over the advice of counsel and despite it was "without any consideration
21 from the prosecution and there was no 'indicated' sentence from the court."  Id.  As a result, Petitioner
22 was sentenced to 25-years-to-life.  Id.

23      In seeking an expanded appointment, Mr. Navarro reported to the Court of Appeal that he did
24 "not believe that Mr. Putney can complete the petition on his own without the assistance of counsel.
25 Mr. Putney is currently incarcerated, and, as has been set out above and is more fully described in Dr.
26 Halon's declaration, suffers from a serious mental illness which makes his mental state prone to
27 extreme swings of mood and rationality. He has a history, as shown in the underlying case, of not
28

staying on his psychotropic medication, and can be unable to be of assistance to counsel in his legal proceedings." (Doc. 5 at 13)

After review of the record in this action, it appears that Petitioner may raise complex questions related to Petitioner's competency at the time he entered his plea, which resulted in his current 25-years-to-life sentence. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the court will appoint the Federal Defender to represent Petitioner.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. Petitioner's motion for appointment of counsel is **GRANTED**;
2. The Federal Defender is appointed to represent Petitioner;
3. The Clerk of the Court is directed to serve a copy of the petition filed in this action on May 23, 2013 (Doc. 1), the order dismissing the petition with leave to amend and this order on David Porter, Assistant Federal Defender;
4. Petitioner is granted 60 days leave to file his amended petition.

IT IS SO ORDERED.

Dated:   **July 5, 2013**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE